UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

HILDA L. SOLIS, SECRETARY OF LABOR )
UNITED STATES DEPARTMENT OF LABOR, )
)
Plaintiff, )
)
v. ) Case No. 1:12-cv-284 (TSE/IDD)
)
SMART TECHNOLOGY, INC., *et al.*, )
)
Defendants. )
)

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Default Judgment against SMART Technology, Inc. ("SMART Tech"), Shawn Hedgspeth ("Hedgspeth") (collectively, "Defendants"), and the Smart Technology 401(k) Plan (the "Plan)[1] pursuant to Federal Rule of Civil Procedure 55(b)(2). (Dkt. No. 12.) After a licensed attorney for Defendants failed to appear at the hearing on July 13, 2012, the undersigned Magistrate Judge took this matter under advisement. Upon consideration of the Complaint, Plaintiff's Motion for Default Judgment, and the supporting documentation thereto, the undersigned Magistrate Judge makes the following findings and recommends that default judgment be entered against Defendants.

### I. INTRODUCTION

On March 14, 2012, Hilda L. Solis, Secretary of Labor, United States Department of Labor, ("Plaintiff") filed this action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and under Sections 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA Section 409,

---

[1] Plaintiff is not seeking default judgment against the Plan at this time.

1

29 U.S.C. § 1109, and to obtain further relief as may be appropriate to redress violations and enforce the provisions of Title I of ERISA. (Compl. ¶ 1.) Plaintiff has the authority to enforce the provisions of Title I of ERISA by, among other means, the filing and prosecution of claims against fiduciaries and others who commit violations of ERISA. (*Id.* ¶ 5.) In filing this Complaint, Plaintiff seeks unpaid contributions, interest and/or lost opportunity costs, removal of Defendants as fiduciaries, and permanent injunctive relief, among other things.[2]

### A. Jurisdiction and Venue

This Court has subject matter jurisdiction over this action under Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), because the Plan is administered in Annandale, Virginia. (Compl. ¶¶ 2, 3.) Where an action is brought in a district court of the United States under Sections 502 of ERISA, it may be brought in the district where the plan is administered. 29 U.S.C. §§ 1132(e)(1), (2). Moreover, "a suit for violation of a contract between an employer and a labor organization representing employees in an industry affecting commerce, may be brought in any district court having jurisdiction over the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

This Court may exercise personal jurisdiction over Defendants because SMART Tech is located in Annandale, Virginia, the Plan is administered out of Annandale, Virginia, and Hedgspeth resides in Virginia.[3] This Court is also the appropriate venue for this action, pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2). (Compl. ¶ 4.)

---

[2] Although Plaintiff seeks a number of forms of relief in her Complaint, her Motion for Default Judgment seeks only an order that requires Defendants to restore the monetary losses to the participants in the Plan, bars Defendants from serving as fiduciaries to any ERISA-covered employee benefits plan, and awards Plaintiff costs of the action. (Mem. Supp. Default J. at 1.) Therefore, Plaintiff has waived all other relief requested in the Complaint but not sought in the Motion for Default Judgment. Furthermore, although Plaintiff requests costs for this action in her Motion for Default Judgment, Plaintiff has not identified any costs nor submitted any documentation in support of such a request. Therefore, Plaintiff's request for costs has likewise been waived.

[3] Although not stated in the Complaint, the Summons provides the address of Hedgspeth. (Dkt. No. 3.)

**B. Service of Process**

Under 29 U.S.C. § 1132(e)(2), service of process is proper in any district where a defendant resides or may be found. When a plaintiff fails to serve the defendant properly under federal or state law, a court lacks personal jurisdiction over the defendant and may not enter default judgment against him. *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987), *superseded by statute on other grounds*, Fed. R. Civ. P. 4(k), (stating that "[s]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served" (quoting *Mississippi Publ'g Corp. v. Murphee*, 326 U.S. 438, 444-45 (1946))); *Cent. Operating Co. v. Util. Workers of Am.*, 491 F.2d 245, 249 (4th Cir. 1974) (reversing lower court's decision to enter default judgment against a non-resident defendant union because the court lacked personal jurisdiction where the plaintiff failed to effectively serve the union with the summons and complaint).

Although § 1132(e) states where a defendant may be served, the Federal Rules of Civil Procedure provide the manner in which service must occur. Rule 4(h) governs service upon corporations and allows service by delivering a copy of the Summons and Complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. However, the Rules also allow for a plaintiff to request a defendant to waive service of a summons so long as particular notice is provided. *See* Fed. R. Civ. P. 4(d).

On April 6, 2012, Plaintiff mailed copies of the Complaint as well as requests to waive service of a summons to each defendant. (Dkt. Nos. 9-11.) On April 30, 2012, each defendant executed a Waiver of Service of Summons form, and these forms were subsequently returned and filed with the Court on May 22 and 24, 2012. (*Id.*) Therefore, the undersigned finds that Plaintiff properly served Defendants pursuant to 29 U.S.C. § 1132(e)(2) and Rule 4(d).

### C. Grounds for Default

Plaintiff filed its Complaint on March 14, 2012. (Dkt. No. 1.) Defendants failed to appear, answer, or file any other responsive pleadings in this matter. On June 13, 2012, Plaintiff filed a Request for Entry of Default with the Clerk. (Dkt. No. 13.) That same day, June 13, the Clerk entered default against Defendants. (Dkt. No. 14.) On July 3, 2012, Plaintiff filed a Motion for Default Judgment, and a hearing on the matter was conducted on July 13, 2012. (Dkt. No. 21.) After Defendants failed to appear at the July 13, 2012 hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## II.  FACTUAL FINDINGS[4]

The undersigned Magistrate Judge makes the following findings of fact based on the Complaint, the Motion for Default Judgment and memorandum in support thereof, as well as the declaration submitted in proof of damages.

Plaintiff is the Secretary of Labor for the United States Department of Labor and has the authority to enforce provisions of Title I of ERISA by filing and prosecuting claims against fiduciaries and others who commit violations of ERISA. (Compl. ¶¶ 1, 5.) SMART Tech, a Virginia based corporation, provides software engineering and systems consulting services to government and commercial clients. (*Id.* ¶ 6.) In April 2005, SMART Tech established the SMART Technology 401(k) Plan,[5] permitting participants to contribute a portion of their pay to the Plan as elective salary deferrals ("employee contributions") through payroll deductions. (*Id.* ¶ 11.) As both the Administrator and Sponsor of the Plan, SMART Tech exercised discretionary

---

[4] Fed R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts alleged state a claim.").

[5] The Plan is an employee benefit plan, as defined in Section 3(3) of ERISA, 29 U.S.C. §1002(3), and is therefore subject to coverage of Section 4(a) of ERISA, 29 U.S.C. §1003(a). At all relevant times, the Plan was administered in Annandale, Virginia. (Compl. ¶ 3.)

4

authority over the management and disposition of the Plan's assets. (*Id.* ¶ 7.) Hence, SMART Tech is a fiduciary to the Plan within the meaning of ERISA, 29 U.S.C. § 1002(21), and is also a party in interest with respect to the Plan under ERISA, 29 U.S.C. §§ 1002(14)(A), (C). (*Id.*)

Hedgspeth was the Chief Operations Officer of SMART Tech and was a trustee of the Plan.[6] (*Id.* ¶ 8.) Like SMART Tech, Hedgspeth exercised discretionary authority/control over the management of the Plan and the disposition of the Plan's assets. (*Id.*) Hence, Hedgspeth is also a fiduciary to the Plan within the meaning of ERISA, 29 U.S.C. § 1002(21), and a party in interest with respect to the Plan under ERISA, 29 U.S.C. §§ 1002(14)(A), (H). (*Id.*)

For payroll periods of January 19, 2007 through January 5, 2009, SMART Tech deducted money from the participants' pay as employee contributions to the Plan. (*Id.* ¶ 12.) However, during this period, SMART Tech and Hedgspeth failed to remit a portion of the withheld employee contributions to the Plan.[7] (*Id.*) Instead, SMART Tech and Hedgspeth retained the employee contributions. (*Id.*) Furthermore, for any employee contributions the two did remit, such contributions were late and were submitted without interest. (*Id.*) In addition to failing to remit employee contributions, SMART Tech and Hedgspeth failed to segregate the Plan assets from the general assets of SMART Tech. (*Id.* ¶ 13.)

Indeed, SMART Tech and Hedgspeth knowingly participated in acts or omissions by each other that they knew to be violations of ERISA. (*Id.* ¶ 14.) Moreover, each knew that the other had breached their fiduciary duties under ERISA, but neither made reasonable efforts under the circumstances to remedy the other's breaches. (*Id.* ¶ 16.) Accordingly, SMART Tech and

---

[6] SMART Tech appointed both Hedgspeth and Darryl Gray, owner and CEO of the Company, as trustees of the Plan. (Compl. ¶ 9.) However, only Hedgspeth is a defendant in this action.

[7] Unremitted employee contributions are assets of the Plan within the meaning of ERISA. (Compl. ¶ 13.)

Hedgspeth failed to comply with Section 404(a)(1) of ERISA, 29 U.S.C. § 1104(a)(1), in the administration of their fiduciary responsibilities. (*Id.* ¶ 15.)

Upon review of the Complaint, the undersigned finds that Plaintiff's has sufficiently pled claims for Defendants' violations of Sections 403(a), 403(c)(1), 404(a)(1)(A), 404(a)(1)(B), 406(a)(1)(D), and 406(b)(1) of ERISA. 29 U.S.C. §§ 1103(a), 1103(c), 1104(a)(1)(A), 1104(a)(1)(B), 1106(a)(1)(D), and 1106(b)(1). Essentially, SMART Tech and Hedgspeth, *inter alia*, failed to ensure that employee contributions were timely remitted to the Plan, breached their fiduciary duties, failed to act with care and diligence of a prudent person, caused the Plan to engage in wrongdoing, as well as dealt with assets of the Plain in their own interest. Accordingly, Plaintiff is entitled to relief for these violations.

Plaintiff seeks to have Defendants restore the losses to the Plan caused by their fiduciary misconduct in the amount of $28,712.13. (Mem. Supp. Default J. at 7.) This amount is comprised of $21,438.90 in employee contributions to the Plan that were deducted from employees' pay but never paid to the Plan's asset custodian, plus $7,273.23 in pre-judgment interest. (Mem. Supp. Default J. at 7; Brennan Decl. ¶ 2h.) ERISA provides that

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon such fiduciaries . . . shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. § 1109(a). Furthermore, any recovery on an ERISA breach of fiduciary duty claim must inure to the benefit of the plan as a whole. *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140-44, 105 S.Ct. 3085 (1985) (noting that ERISA provides a cause of action for

breach of fiduciary duty in order to address the concern of "misuse and mismanagement of plan assets by plan administrators"); *Smith v. Sydnor*, 184 F.3d 356, 363 (4th Cir. 1999).

Having reviewed the entire record, including the Complaint, the Motion for Default Judgment, the Memorandum in Support, and declaration of Joseph Brennan, an investigator with the Washington District Office of the Employee Benefits Security Administration, the undersigned Magistrate Judge finds that Plaintiff has provided an appropriate basis for a judgment in the amount of $28,712.13 against SMART Tech and Hedgspeth.

Plaintiff also seeks injunctive relief pursuant to 29 U.S.C. § 1132(a)(5). Specifically, Plaintiff seeks to permanently enjoin Defendants from acting in any fiduciary capacity with respect to any ERISA-covered employee benefit plan. Plaintiff contends that such relief is appropriate because Defendants violated their fiduciary duties by misappropriating funds and failing to protect the Plan.

To determine whether injunctive relief is appropriate in a given case, the Court must balance the following four factors: (1) the likelihood of success on the merits of the plaintiff's claim (for a preliminary injunction), or the existence of actual success on the merits (for a permanent injunction); (2) the likelihood of irreparable injury to the plaintiff in the absence of an injunction; (3) the likelihood of harm to other interested persons if an injunction is issued; and (4) the public interest in granting versus not granting the injunction. *See Amoco Production Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12, 107 S.Ct. 1396 (1987); *Blackwelder Furniture Co. v. Seilig Mfg. Co., Inc.*, 550 F.2d 189, 193, 196 (4th Cir. 1977).

Where, as here, Defendants have defaulted and Plaintiff is entitled to a default judgment, Plaintiff has shown actual success on the merits. Based on the facts established, the balancing of harm to the parties and to the public interest weighs in favor of granting the injunctive relief

Plaintiff seeks in this case. Therefore, the undersigned Magistrate Judge finds that Plaintiff is entitled to the injunctive relief it seeks in this case barring Defendants from serving as fiduciaries to any ERISA-covered employee benefits plan.

### III. RECOMMENDATION

The undersigned Magistrate Judge finds that the submitted pleadings and declaration establish that Plaintiff is entitled to a default judgment, and therefore, recommends entry of default judgment in favor of Plaintiff and against SMART Technology, Inc. and Shawn Hedgspeth. The undersigned further finds that Plaintiff is entitled to recover damages in the amount of $28,712.13, representing unpaid employee contributions for the payroll periods of January 19, 2007 through January 5, 2009. Additionally, the undersigned recommends that SMART Tech and Hedgspeth be permanently enjoined from acting in any fiduciary capacity with respect to any employee benefit plan covered by ERISA.

### IV. NOTICE

**By mailing copies of this report and recommendation, the parties are notified that objections to this report and recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this report and recommendation. A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to Defendants at the following addresses:

SMART Technology, Inc. and
Smart Technology, Inc. 401(k) Plan
7619 Little River Turnpike, Suite 650
Annandale, VA 22003

SMART Technology, Inc. and
SMART Technology, Inc. 401(k) Plan
5820 Kingstown Cir. #120-309
Alexandria, VA 22315-5704

SMART Technology, Inc. and  
Smart Technology, Inc. 401(k) Plan  
2633 Guiana Plum Dr.  
Orlando, FL 32828

Shawn Hedgspeth  
7414 Bulfinch Ct.  
Alexandria, VA 22315

SMART Technology, Inc. and  
SMART Technology, Inc. 401(k) Plan  
18732 Fairway Oaks Square  
Leesburg, VA 20176

          /s/  
Ivan D. Davis  
United States Magistrate Judge

August 27, 2012  
Alexandria, Virginia